**The below described is SIGNED.**

**Dated: July 10, 2014**



**JOEL T. MARKER**
**U.S. Bankruptcy Judge**



*arb*

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>DAVID Y. MERRILL,<br><br>　　　　　　　　Debtor. | Bankruptcy Number: 13-30015<br><br>Chapter 7 |
| HIGH STREET FUNDING, LLC; AND DAVID EARLY,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>DAVID Y. MERRILL,<br><br>　　　　　　　　Defendant. | Adversary Proceeding No. 13-2476<br><br>Judge Joel T. Marker |

**ORDER GOVERNING SCHEDULING**
**and PRELIMINARY MATTERS**

　　1.　　**DISCLOSURE:** A Fed. R. Civ. P. 26(f)(1) and Fed. R. Bankr. P. 7026 conference was held on June 12, 2014. Fed. R. Civ. P. 26(a)(1) and Fed. R. Bankr. P. 7026 initial disclosure will be completed on June 27, 2014. Form 35 was submitted on June 12, 2014.

　　2.　　**LIMITATION ON DISCOVERY:** The following limitations on discovery have been fixed by the court.

    a.    Maximum number of depositions (including experts) by plaintiffs   5
    b.    Maximum number of depositions (including experts) by defendant   5
    c.    Maximum number of depositions by third-party defendant
    d.    Maximum number of hours for taking depositions   7
    e.    Maximum interrogatories by any party to any party.   30
    f.    Maximum number of requests for admissions.   30
    g.    Maximum number of requests for production of documents   40
    h.    Number of reports and deadline for Fed. R. Civ. P. 26(a)(2)and Fed. R. Bankr. P. 7026 reports from retained experts and date to designate other expert witnesses.
Party with the Burden of Proof report due January 30, 2015.
Rebuttal report due February 27, 2015.

3. **ELECTRONIC DISCOVERY:** Disclosure or discovery of electronically stored information will be handled as follows: As set forth in the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure. The parties agree that to the extent document requests are responded to with documents stored electronically by any party and to the extent reasonably feasible, the parties shall provide such documents on CDs or DVDs, in any file format, preserving and including all metadata.

4. **PRIVILEGED MATERIAL OR PROTECTION OF TRIAL-PREP MATERIAL**: The parties have agreed to an order regarding claims of privilege or of protection as trial-preparation material asserted after production, as follows: Shall be listed in a log kept by the party asserting the privilege. Any dispute regarding the scope of the privilege shall be resolved on motion to the court. If a document subject to a privilege is inadvertently produced, such document shall be promptly returned to the producing party with the recipient keeping no copies and no waiver shall be implied by virtue of the inadvertent disclosure.

5. **DISCOVERY COMPLETION**: The discovery cut-off date in this adversary proceeding is December 31, 2014. Discovery requests shall have been served sufficiently in advance of this date to require responses to such requests to have been served and filed by this date. This means that all discovery, including responses to discovery requests, must be completed by this date. All depositions shall also have been taken by this date. Supplementations pursuant to Fed. R. Civ. P. 26(e) and Fed. R. Bankr. P. 7026 are due March 13, 2015.

Discovery motions including, without limitation, motions to compel or for sanctions under Fed. R. Civ. P. 37 and Fed. R. Bankr. P. 7037 and motions for extensions of the discovery deadline shall, where possible, be filed sufficiently in advance of the discovery cut-off date to allow compliance with the date.  Discovery sanction motions which do not comply with Local Rule 7026-1 shall be denied.

6. **MOTION DEADLINE**:  Plaintiffs shall be allowed until July 31, 2014, to join additional parties and until July 31, 2014, to amend the pleadings.  Defendant shall be allowed until July 31, 2014, to join additional parties and until July 31, 2014, to amend the pleadings.  The deadline for the filing of all potentially dispositive motions is March 20, 2015.

7. **PARTIES' CONFERENCE**:  Counsel and any *pro se* parties shall hold a conference to discuss settlement, a proposed pretrial order, stipulated facts, exhibit lists, witness lists and other matters that will aid in the preparation of an accurate, complete, and definitive pretrial order.  This conference shall be held on April 27, 2015, at the office of plaintiffs' counsel.  Counsel for the plaintiffs shall present for discussion at the conference a proposed draft of a pretrial order.

8. **PRETRIAL ORDER**:  The parties shall file a proposed pretrial order on or before May 11, 2015.

9. **FINAL PRETRIAL CONFERENCE:**  A final pretrial conference shall be held on June 1, 2015, at 10:30 AM, Room 341, before the Honorable Joel T. Marker, United States Bankruptcy Judge, Frank E. Moss Courthouse, at 350 South Main Street, Salt Lake City, Utah.  Plaintiffs' counsel shall take the lead in drafting the proposed pretrial order.  If counsel are unable to agree upon a proposed pretrial order, the matter will be resolved by the court at the final pretrial conference.  If no agreement as to the proposed pretrial order has been reached, plaintiffs' counsel shall nevertheless file on the required date a proposed pretrial order which shall be accompanied by a statement from counsel for the parties explaining and arguing the areas of disagreement.

Failure of plaintiffs' counsel to timely file a stipulated pretrial order, or a proposed pretrial order and an explanation as to the failure to stipulate, as described above, shall, unless the court grants relief for cause shown, result in the dismissal of the civil proceeding.  If defendant's counsel fails to stipulate to the proposed pretrial order timely filed by the plaintiffs and fails to

file timely defendant's explanation and argument with respect to shortcomings in the proposed pretrial order, the proposed order, unless modified by the court to prevent manifest injustice, shall control the course of the trial.

    10. **TRIAL BRIEFS**:  The date for submission of trial briefs addressing all legal issues in dispute shall be fixed at the final pretrial conference.  Counsel shall specify in the trial briefs all law (statutes, cases, etc.) which will be argued to the court or upon which counsel intend to rely.  If counsel determine no legal issues to be in dispute, no trial briefs need be submitted unless the court orders otherwise.  A party not filing a trial brief is deemed to have waived his right to oral argument of the law at trial and to have conceded the legal issues in dispute unless justice otherwise dictates.

    11. **TRIAL**:  The date for trial will be fixed at the final pretrial conference, and will be tried by Judge Joel T. Marker in Room 341, Frank E. Moss Federal Courthouse Building, 350 South Main Street, Salt Lake City, Utah.  Estimated trial time is ==two== days.  Settlement prospects are ==hopeful==.

    12. Counsel shall consult the local rules of this court with respect to motion practice, attorneys' conference, content of the proposed pretrial order, the filing of proposed findings and conclusions in a trial to the court, and other matters appropriate to the litigation.  In the event of conflict between any local rule and this order, this order shall control.  The schedule embodied herein shall not be altered except for good cause and upon approval of the court.  Any stipulated settlement or motion for continuance of trial should be filed with the court not less than three working days before the trial setting.  Unless good cause is shown, where a settlement is made or a continuance granted less than three days before trial, the clerk shall assess costs equally to the parties, including, but not limited to, court costs and filing costs, of $50.00 or more.  In any case, any stipulation or motion for continuance of trial should be communicated to the trial calendar clerk so the matter may be stricken from the court calendar and the time otherwise used.

---------------------------------------------END OF DOCUMENT------------------------------------------

_____ooo0ooo_____
## SERVICE LIST

Service of the foregoing **ORDER GOVERNING SCHEDULING and PRELIMINARY MATTERS** will be effected through the Bankruptcy Noticing Center to each party listed below.

**Craig H. Howe**
Miller Guymon, P.C.
165 South Regent Street
Salt Lake City, UT 84111
    Attorney for Plaintiffs

**John Bagley**
Bagley Law, PC
308 E. 4500 S.
Suite 175
SLC, UT 84107
    Attorney for Defendant